**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| DELTA MEDICAL SYSTEMS, INC., | |
| Plaintiff, | |
| v. | |
| DRE HEALTH CORP., DRE HEALTH CORPORATION, AHMED ISAAC BAWANY, and SACATELLE HOLDINGS, LLC, | Civil Action No.: 1:21-cv-01687-WMR |
| | Jury Trial Requested |
| Defendants. | |

<u>**BRIEF IN SUPPORT OF DEFENDANTS' AMENDED MOTION TO DISMISS**</u>

# TABLE OF CONTENTS

I.     BACKGROUND ................................................................................3

II.    LEGAL STANDARD ......................................................................5

    A.    Personal Jurisdiction.............................................................5

    B.    Failure To Join Necessary And Indispensable Parties ........................7

    C.    Failure To State A Claim ...................................................8

III.    ARGUMENT....................................................................................8

    A.    The Court Lacks Personal Jurisdiction Over Defendants ...................8

        1.    Defendants Are Not Subject To General Jurisdiction ............11

        2.    Defendants Are Not Subject To Specific Jurisdiction.............12

            a.    DRE Health Is Not Subject To Specific Jurisdiction....................................................12

            b.    Mr. Bawany Is Not Subject To Specific Jurisdiction....................................................13

            c.    Sacatelle Is Not Subject To Specific Jurisdiction ........16

    B.    Plaintiff Also Failed To Join Indispensable Parties ...........................18

        1.    The Absent Co-Owners Of The NITREX Trademark Registration Are Necessary Parties To This Action ...............19

        2.    The Co-Owners May Not Be Forcibly Joined As Parties .......20

        3.    This Action Cannot Proceed In The Absence Of The Co-Owners, And The Co-Owners Are Therefore Indispensable Parties...............................................................21

    C.    Plaintiff Has Failed To State A Claim Against Mr. Bawany In His Personal Capacity .......................................................24

IV.    CONCLUSION..............................................................................25

# TABLE OF AUTHORITIES

**Page**

CASES

*Aero Toy Store, LLC v. Grieves*,
279 Ga. App. 515, 517-18 (2006) .......................................................................9

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................................8, 25

*AT&T Mobility LLC v. C & C Glob. Enters., LLC*,
No. 1:06-CV-2733-TWT, 2007 WL 2001736 (N.D. Ga. Jul. 3,
2007) ...............................................................................................................5, 15

*Bell Atl. Corp. v . Twombly*,
550 U.S. 544 (2007) ...........................................................................................8

*Brazil v. Janssen Research & Dev. LLC*,
249 F. Supp. 3d 1321 (N.D. Ga. 2016) ...........................................................11

*Burgess v. Religious Tech. Ctr., Inc.*,
600 F. App'x 657 (11th Cir. 2015) ....................................................................6

*Cable/Home Commc'n Corp. v. Network Prods.*,
902 F.2d 829 (11th Cir. 1990) .........................................................................10

*Carell v. Shubert Org ., Inc.*,
104 F. Supp. 2d 236 (S.D.N.Y. 2000) .............................................................24

*Clarus Transphase Scientific, Inc. v. Q–Ray, Inc.*,
No. C 06–3450 JF (RS), 2006 WL 2374738 (N.D. Cal. Aug. 16,
2006) .................................................................................................................16

*Consol. Dev. Corp. v. Sherritt, Inc.*,
216 F.3d 1286 (11th Cir. 2000) .........................................................................5

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
  517 F.3d 1284 (Fed. Cir. 2008) ..........................................................................20

*Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*,
  593 F.3d 1249 (11th Cir. 2010) ...........................................................................8

*Discount Muffler Shop, Inc. v. Meineke Realty Corp., Inc.*,
  535 F. Supp. 439 (N.D. Ohio 1982) .....................................................................20

*Earl v. Peverett*,
  20 U.S.P.Q.2d 1559 (S.D.N.Y. 1991)...............................................................19, 21

*Edberg v. Neogen Corp.*,
  17 F.Supp. 2d 104 (D.Conn. 1998).......................................................................17

*Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.*,
  93 Civ. 6160(KMW), 1995 WL 224774 (S.D.N.Y. Apr. 14, 1995) ...................17

*EMD Crop Bioscience Inc. v. Becker Underwood, Inc.*,
  750 F. Supp. 2d 1004 (W.D. Wis. 2010) ..............................................................19

*Energy Four, Inc. v. Dornier Med. Sys., Inc.*,
  765 F.Supp. 724 (N.D. Ga. 1991).........................................................................23

*Ethicon, Inc. v. United States Surgical Corp.*,
  135 F.3d 1456 (Fed. Cir. 1998) .......................................................................18, 21

*Ferrer v. Hollywood for Children*,
  Case No. 2:17-CV-7318-CBM-FFMm, 2018 WL 5267084
  (C.D. Cal. Mar. 14, 2018)...................................................................................21

*Focus on the Family v. Pinellas Suncoast Transit Auth.*,
  344 F.3d 1263 (11th Cir. 2003) .............................................................................7

*Foxworthy v. Custom Tees, Inc.*,
 879 F.Supp. 1200 (N.D. Ga. 1995).....................................................14

*Fraser v. Smith*,
 594 F.3d 842 (11th Cir. 2010) ...........................................................12

*Girard v. Weiss*,
 160 Ga. App. 295, 287 S.E.2d 301 (1981) .........................................14

*Golden Temple of Oregon, LLC v. Wai Lana Productions, LLC*,
 No. 09-cv-902(HZ), 2011 WL 6070385 (D. Or. Dec. 5, 2011) .........20

*Goodyear Dunlop Tires Operations, SA v. Brown*,
 564 U.S. 915 (2011)..............................................................................7

*Huggins v. Boyd*,
 304 Ga. App. 563 (2010) ...................................................................10

*Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of
 Ames, Iowa*,
 279 Ga. 672 (2005) ...............................................................................6

*Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*,
 No. 10-61856-CIV, 2011 WL 7807548 (S.D. Fla. Jul. 26, 2011).......22

*ISI Brands, Inc. v. KCC Intern.,* Inc., 458 F. Supp. 2d 81, 83
 U.S.P.Q.2d 1942 (E.D.N.Y. 2006) .....................................................16

*J. McIntyre Mach., Ltd. v. Nicastro*,
 564 U.S. 873 (2011) (Kennedy, J., plurality op.) .........................12, 13

*Jaguar Cars Ltd. v. Manufactures Des Montres Jaguar*,
 196 F.R.D. 306 (E.D.Mich. 2000) ......................................................22

*Jell-E-Bath Inc. v. Crystal Mud Spa*,
   No. 05–1703–KI, 2006 WL 1305113 (D.Or. May 8, 2006)..............................17

*JTG of Nashville, Inc. v. Rhythm Band, Inc.*,
   693 F. Supp. 623 (M.D. Tenn. 1988)............................................................19, 21

*Laker Airways, Inc. v. British Airways, PLC*,
   182 F.3d 843 (11th Cir. 1999) .............................................................................7

*Mattel v. Anderson*,
   No. 04 Civ. 5275(RCC), 2005 WL 1690528 (S.D.N.Y. Jul. 18,
   2005) ..................................................................................................................10

*May Apparel Group, Inc. v. Ava Import-Export, Inc.*,
   902 F. Supp. 93 (M.D.N.C. 1995) ......................................................................19

*Merial Ltd. v. Intervet Inc.*,
   430 F.Supp.2d 1357 (N.D. Ga. 2006)..................................................................21

*Ouashie v. Olympus Am., Inc*,
   315 F. Supp. 3d 1329 (N.D. Ga. 2018)................................................................13

*Pure Food Prod., Inc. v. Am. Bakeries Co.*,
   No. 72 C 2017, 1972 WL 19316 (N.D. Ill. Nov. 28, 1972) ..........................20, 21

*PVC Windoors, Inc. v. Babbitbay Beach Const., N.V.*, 598 F.3d 802,
   811 (11th Cir., 2010).........................................................................................10

*Sanho Corporation v. Kaijet Technology et al.*,
   No. 1:18-cv-05385-SDG, 2021 WL 2355096 (N.D. Ga. Jun. 9,
   2014) ................................................................................................................9, 11

*Shima Am. Corp. v. S.M. Arnold, Inc.*,
   No. 88 C 10064, 1989 WL 65014 (N.D. Ill. Jun. 7, 1989)............................19, 21

*Simpson Performance Products, Inc. v. Wagoner*,
    2015 WL 13619480 (W.D.N.C. 2015) ............................................................16

*Simpson v. Sanderson Farms, Inc.*,
    744 F.3d 702 (11th Cir. 2014) ...........................................................25

*Steven Madden, Ltd. v. Jasmin Larian, LLC*,
    2019 WL 294767 (S.D.N.Y. 2019)...................................................24

*Trek Bicycle Corp. v. Trek Winery LLC*,
    93 U.S.P.Q. 2d 2001, 2010 WL 744252 (W.D. Wis. 2010) ...............17

*U.S. Pharm. Corp. v. Breckenridge Pharm., Inc.*,
    No. 1:09–CV–2050–TWT, 2010 WL 3731112 (N.D. Ga. Sep. 16,
    2010) ..........................................................................................5, 15

*Valencia v. Universal City Studios LLC*,
    No. 1:14–CV–00528–RWS, 2014 WL 7240526 (N.D. Ga. 2014) ....................23

*Walden v. Fiore*,
    571 U.S. 277 (2014)......................................................................7, 18

**STATUTES**

O.C.G.A. § 9–10–91 ...........................................................................6, 8

O.C.G.A. § 10–1–451 .............................................................................23

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12 ............................................................................1, 3, 7

Fed. R. Civ. P. 19 ..............................................................................passim

Pursuant to Federal Rules of Civil Procedure 12(b)(2) and 12(b)(7), Defendant DRE Health Corp.[1], DRE Health Corporation ("DRE Health"), A. Isaac Bawany ("Bawany"), and Sacatelle Holdings LLC ("Sacatelle") (collectively, "Defendants") respectfully move this Court to dismiss the Complaint in its entirety for lack of personal jurisdiction and for failure to join necessary and indispensable parties. In addition, Mr. Bawany also respectfully moves the Court to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against him in his personal capacity.

As demonstrated below, no Defendant here is subject to general or specific jurisdiction in this case. Plaintiff's allegations of personal jurisdiction are deficient because they are conclusory and improperly lump all of the Defendants together. (ECF No. 1 at ¶¶ 9–10.) The Complaint also fails to specify whether Plaintiff contends that Defendants are subject to general or specific jurisdiction. Either way, a finding of jurisdiction is inappropriate.

Defendants are not subject to general jurisdiction because they do not have "continuous and systematic" contacts with Georgia such that any of them are "essentially at home" in Georgia. No Defendant is domiciled or resides in

---

[1] Defendant DRE Health Corp.'s registration with the Kanas Secretary of State was intended as a foreign qualification for DRE Health Corporation rather than the creation of a new, separate entity. (Declaration of A. Isaac Bawany, ¶¶ 2–3 ("Bawany Decl.").) DRE Health Corp. has never conducted any business separate and apart from DRE Health and was administratively dissolved on May 13, 2021. (Bawany Decl. ¶ 4.)

Georgia, is registered to business in Georgia, or has a principal place of business in Georgia.

Nor is any Defendant subject to specific jurisdiction. No Defendant has the requisite "minimum contacts" with Georgia. DRE Health has never manufactured, sold, or marketed any products in Georgia, let alone the products accused in the Complaint. Mr. Bawany has never undertaken, let alone directed, a single activity of any sort in Georgia. Sacatelle made only one sale of the accused products in Georgia – but that was a sham purchase orchestrated by Plaintiff's Chief Executive Officer, apparently to try to manufacture personal jurisdiction. The Complaint should be dismissed for lack of personal jurisdiction over any Defendant.

The Complaint also should be dismissed for the independently sufficient reason that Plaintiff failed to join two indispensable parties – Delta Hospital Supply, Inc. ("Delta Hospital") and Delta Medical Supply Group, Inc. ("Delta Supply"). Delta Hospital and Delta Supply are co-owners of the registered NITREX trademark that Plaintiff alleges was infringed by Defendants. The Complaint simply ignores these two co-owners, and Plaintiff has refused Defendants' repeated requests for documentation showing that Plaintiff has standing, by itself, to bring and maintain this action on behalf of all three owners. As co-owners of the asserted trademark, Delta Hospital and Delta Supply are necessary and indispensable parties, and, because they cannot be joined as

involuntary plaintiffs, the Court also should dismiss the Complaint under Federal Rule of Civil Procedure 19.

Finally, Plaintiff has done nothing more than baldly allege that Mr. Bawany is the Chief Executive Officer of DRE Health and is "directing the companies' infringing activities." Because those conclusory allegations are insufficient to state a claim under Rule 12(b)(6), Fed. R. Civ. P., Mr. Bawany should be dismissed on this ground as well.

## I. BACKGROUND

On April 23, 2003, "The Delta Group (A Joint Venture)" comprised of Plaintiff Delta Medical Systems, and non-parties Delta Hospital and Delta Supply, filed an application to register NITREX as a trademark in connection with gloves with the United States Patent and Trademark Office ("USPTO"). (Declaration of Kerry A. Barrett ("Barrett Decl.") ¶ 2.) On October 23, 2003, the USPTO Examining Attorney entered an Examiner's Amendment "[i]n accordance with the authorization granted by Dorian Kennedy" to classify the applicants as "joint applicants" rather than as a "joint venture." (Barrett Decl. ¶ 3.) On March 23, 2004, the USPTO issued U.S. Registration No. 2,824,773 for the trademark NITREX to Plaintiff, Delta Hospital, and Delta Supply as three separate and joint owners. (ECF No. 1-1.)

DRE Health is a healthcare consumables manufacturer and provides its clients with high-quality medical equipment, instruments, and supplies. (Bawany Decl. ¶ 9.) Mr. Bawany is the Chief Executive Officer of DRE Health. (*Id*. ¶ 1.) Sacatelle is a custom bag and packaging distributor. (Declaration of Isaac Schwerd ("Schwerd Decl.") ¶ 3.)

In response to the urgency of the COVID-19 pandemic, Sacatelle began supplying its customers with personal protective equipment ("PPE") and other COVID-19 related products. (*Id*. ¶ 16.) On February 2, 2021, DRE Health sold the accused NITEREX gloves to Sacatelle with the understanding that Sacatelle was going to sell them only to the New Jersey State Troopers. (Bawany Decl. ¶ 29.)

After receiving a mailchimp email marketing the NITEREX gloves, Tom Brooks placed an order for NITEREX gloves on March 23, 2021 (*Id*. ¶ 17.) Tom Brooks is the Chief Executive Officer, Chief Financial Officer, and registered agent of Plaintiff. (Barrett Decl. ¶ 4.) Other than this one sale to Mr. Brooks, Sacatelle has not sold any other accused gloves in Georgia. (Schwerd Decl. ¶ 17.)

On April 12, 2021, DRE Health received a cease-and-desist letter from Plaintiff. That same day, DRE Health responded, in part, by asking Plaintiff to explain its relationship with the other two co-owners, Delta Hospital and Delta Supply. (Barrett Decl. ¶ 5.) Plaintiff did not respond to DRE Health's letter and

instead filed the Complaint without joining either of the other two co-owners of the asserted trademark as plaintiffs in this case. (ECF No. 1.)

DRE Health asked Plaintiff three more times (on April 30, May 20, and May 26, 2021) to provide adequate assurances and documents substantiating that Plaintiff, by itself, has the full and exclusive authority to enforce the trademark and does not need to join the other two co-owners. (Barrett Decl. ¶ 5.) However, Plaintiff failed to provide satisfactory assurances and documentation that all necessary parties are present in this action. (*Id*. ¶ 6.)

## II. LEGAL STANDARD

### A. Personal Jurisdiction

Plaintiff has the burden of offering "substantial evidence" demonstrating that personal jurisdiction is appropriate. *Consol. Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1291 (11th Cir. 2000); *see AT&T Mobility LLC v. C & C Glob. Enters., LLC*, No. 1:06-CV-2733-TWT, 2007 WL 2001736, at *3 (N.D. Ga. Jul. 3, 2007) (holding corporate officer defendant was not subject to personal jurisdiction when plaintiff did not present "substantial evidence" that defendant had connections with forum state). Notably, a plaintiff does not get the benefit of any inferences on any allegation that, as here, defendants have refuted with specific evidence. *See U.S. Pharm. Corp. v. Breckenridge Pharm., Inc.*, No. 1:09-CV-2050-TWT, 2010 WL 3731112, at *3–5 (N.D. Ga. Sep. 16, 2010) (finding no personal jurisdiction over a

defendant when the jurisdictional allegations in the complaint were specifically contradicted by the defendant's uncontroverted personal declaration).

To demonstrate that personal jurisdiction is appropriate in Georgia, a plaintiff must show both that Georgia's long-arm statute is satisfied and that exercising such jurisdiction satisfies the requirements of the Due Process Clause. *See Burgess v. Religious Tech. Ctr., Inc.*, 600 F. App'x 657, 660 (11th Cir. 2015). The Georgia Supreme Court has made clear that the long-arm statute imposes requirements independent of federal due process standards. *See Innovative Clinical & Consulting Servs., LLC v. First Nat'l Bank of Ames, Iowa*, 279 Ga. 672, 676 (2005). Georgia's long-arm statute provides for personal jurisdiction over a nonresident defendant if:

> [I]n person or through an agent, he or she: (1) Transacts any business within this state; (2) Commits a tortious act or omission within this state . . .; [or] (3) Commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state.

O.C.G.A. § 9–10–91(1)–(3).

Further, before a court may exercise personal jurisdiction over a foreign defendant, such as each Defendant in this case, federal due process requires that "the defendant ha[ve] certain minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fair play and

substantial justice." *Goodyear Dunlop Tires Operations, SA v. Brown*, 564 U.S. 915, 923 (2011). In attempting to demonstrate jurisdiction, a plaintiff can invoke one of two categories of personal jurisdiction: general, "all purpose" jurisdiction or specific, case-linked jurisdiction. *Walden v. Fiore*, 571 U.S. 277, 283 n.6 (2014). Plaintiff here can do neither.

### B. Failure To Join Necessary And Indispensable Parties

Rule 12(b)(7) of the Federal Rules of Civil Procedure allows for dismissal for "failure to join a party under Rule 19." Rule 19 provides a two-part test to determine whether an action should proceed in a non-party's absence. First, the Court must determine whether the non-party is "necessary" to the action. Fed. R. Civ. P. 19(a)(1); *Focus on the Family v. Pinellas Suncoast Transit Auth.*, 344 F.3d 1263, 1280 (11th Cir. 2003) (citations omitted). Second, if the party is found to be necessary, the Court must then determine whether joinder of the necessary party is feasible and, if not, whether, under Rule 19(b)'s four-factor test, the action should be dismissed due to that party's absence – i.e., whether that party is indispensable. Fed. R. Civ P. 19(b); *Laker Airways, Inc. v. British Airways, PLC*, 182 F.3d 843, 847 (11th Cir. 1999). In this case, Plaintiff has not joined its co-owners, Delta Hospital and Delta Supply, both of which are necessary and indispensable parties. Accordingly, Plaintiff's claims should be dismissed for this independently sufficient reason as well.

## C. Failure To State A Claim

Plaintiff's claims against Mr. Bawany in his personal capacity fare no better. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v . Twombly*, 550 U.S. 544, 555 (2007) ("[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions"). Accordingly, the claims against Mr. Bawany in his personal capacity also should be dismissed for this additional reason.

## III.    ARGUMENT

### A. The Court Lacks Personal Jurisdiction Over Defendants

Plaintiff must show that the exercise of jurisdiction over Defendants is proper under both the Georgia long-arm statute and the Due Process Clause. *Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc.*, 593 F.3d 1249, 1263 (11th Cir. 2010) ("[C]ourts must apply the specific limitations and requirements of O.C.G.A. § 9–10–91 literally and must engage in a statutory examination that is independent of, and distinct from, the constitutional analysis to ensure that both, separate prongs of the jurisdictional inquiry are satisfied.") (internal quotation marks omitted). Plaintiff has done neither. Indeed, the Complaint does not even reference the Georgia long-arm statute, specify which subsection Plaintiff claims applies, or allege any facts that would support personal jurisdiction. (ECF No. 1.)

Nor can Plaintiff meet its burden here. Neither DRE Health nor Mr. Bawany has conducted any business in Georgia; manufactured, sold, or marketed any products in Georgia; owned any assets, bank accounts, or other tangible or real property in Georgia; performed any operations in Georgia; or derived any revenue from any services rendered in Georgia. (Bawany Decl. ¶¶ 10, 15, 24, 26, 28, and 36.) *See* O.C.G.A. § 9-10-91. Sacatelle similarly lacks any contact with Georgia, except for a handful of *de minimis* activities including a single sale of the accused products based upon Plaintiff's phony conduct, which under the law cannot give rise to jurisdiction. (Schwerd Decl. ¶ 17–19.; *see* Section III (A)(2)(c) *infra.*)

Because Sacatelle's single sale of the accused products in Georgia was a sham transaction triggered by Plaintiff's CEO, Sacatelle cannot be said to have purposefully "transacted any business" within Georgia, as required by the Georgia long-arm statute. *Sanho Corporation v. Kaijet Technology et al.*, Case No. 1:18-cv-05385-SDG, 2021 WL 2355096, at *7 (N.D. Ga. Jun. 9, 2021); *Aero Toy Store, LLC v. Grieves*, 279 Ga. App. 515, 517-18 (2006). Moreover, even *if* the accused gloves infringe Plaintiff's asserted trademark (which Defendants deny), no tortious act occurred in Georgia because Plaintiff cannot legitimately claim to be confused as to the source of the products at issue. *See, e.g., Mattel v. Anderson*, No. 04 Civ. 5275(RCC), 2005 WL 1690528, at *2 (S.D.N.Y. Jul. 18, 2005) (holding that purchase on behalf of plaintiff did not confer specific jurisdiction because the

purchase "ha[d] nothing to do with" the trademark infringement claims since the purchaser "cannot claim to have been confused as to with whom he was dealing").

Likewise, Sacatelle's mailchimp email is not sufficient to confer jurisdiction. Georgia law is clear that the act of sending an online communication occurs in the place *from where* that communication is sent. *Huggins v. Boyd*, 304 Ga. App. 563, 565 (2010) (finding that the conduct giving rise to the offense "occurred at the physical place where [the defendant] typed in and sent his emails," and therefore the defendant's conduct failed to satisfy the Georgia long-arm statute). Accordingly, the Court does not have jurisdiction under Georgia's long-arm statute.

Plaintiff also failed to show, as it must, that this Court's exercise of personal jurisdiction comports with due process. *See Cable/Home Commc'n Corp. v. Network Prods.*, 902 F.2d 829, 857 (11th Cir. 1990) (the mere satisfaction of the long-arm statute does not automatically satisfy due process concerns). The touchstone of this constitutional protection is "fair warning," such that a nonresident defendant can reasonably anticipate being haled into court in that forum. *PVC Windoors, Inc. v. Babbitbay Beach Const.*, N.V., 598 F.3d 802, 811 (11th Cir. 2010) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985)). Defendants had no fair warning here.

Finally, when, as here, the factual allegations in a complaint lumps all the defendants together "as taking some action without specifying the role or acts of any individual [d]efendant" and each count refers only to [d]efendants," these allegations are insufficient to "sustain [p]laintiff's initial burden of showing [defendant's] minimum contacts with the State of Georgia." *Brazil v. Janssen Research & Dev. LLC*, 249 F. Supp. 3d 1321, 1331–32 (N.D. Ga. 2016) (granting Rule 12(b)(2) motion and collecting cases); *Sanho Corporation*, 2021 WL 2355096, at *4 (same); *Knieper v. Forest Group USA, Inc.*, No. 4:15-CV-00222-HLM, 2016 WL 9450454, at *5 (N.D. Ga. Mar. 3, 2016) (citing *Phillips v. Scientific Atlanta, Inc.*, 374 F.3d 1015, 1019 (11th Cir. 2004)).

### 1. Defendants Are Not Subject To General Jurisdiction

Plaintiff has not alleged and cannot demonstrate that Defendants are subject to general jurisdiction in Georgia. (ECF No. 1 ¶¶ 9–10). DRE Health and Mr. Bawany lack *any* contact with Georgia. (Bawany Decl. ¶¶ 10–18; 24–28.) Sacatelle made only one sale of the accused NITEREX gloves in Georgia, and that was the sale to Plaintiff's CEO. (Schwerd Decl. ¶ 17; Barrett Decl. ¶ 4.) In 2021, Sacatelle made only 6 other sales to customers in Georgia, for a total of $13,885.78, and no sales into Georgia in 2020. (Schwerd Decl. ¶ 18.) This *de minimis* contact is not so "continuous and systematic" as to meet the high standard

required for general jurisdiction.  *Fraser v. Smith*, 594 F.3d 842, 850 (11th Cir. 2010).  General jurisdiction does not exist over any Defendant here.

### 2.  Defendants Are Not Subject To Specific Jurisdiction

Plaintiff also cannot demonstrate that any Defendant is subject to specific jurisdiction in Georgia.  Specific jurisdiction refers to the Court's power over "disputes that 'arise out of or are connected with the activities within the state.'" *J. McIntyre Mach., Ltd. v. Nicastro*, 564 U.S. 873, 881 (2011) (Kennedy, J., plurality op.).  Plaintiff cannot establish either purposeful direction or that its claims arise out of any legitimate, non-manufactured forum-related activities. Either deficiency, alone, precludes a finding of specific jurisdiction.

### a.  DRE Health Is Not Subject To Specific Jurisdiction

Plaintiff has not shown and cannot show that DRE Health has committed any acts expressly aimed at Georgia such that DRE Health had "fair warning" of being haled into Court here.  DRE Health has never manufactured or sold any products in Georgia; does not perform any of its operations in Georgia; does not conduct any business in Georgia; and does not direct any marketing, advertising, or other promotional activity toward any resident of Georgia.  (Bawany Decl. ¶¶ 10, 15, 17, and 26).  Given DRE Health's total lack of contact with Georgia, the most Plaintiff could allege (which it has not and could not credibly do) is that somehow

DRE Health expressly aimed conduct at Georgia because it sells goods in the

United States generally. Such a stream of commerce theory is unavailing because:

> "merely placing goods into the stream of commerce with the knowledge that the goods may end up in the forum state does not constitute purposeful availment so as to establish personal jurisdiction: "[t]he defendant's transmission of goods permits the exercise of jurisdiction only where the defendant can be said to have targeted the forum; as a general rule, it is not enough that the defendant might have predicted that its goods will reach the forum State."

*Ouashie v. Olympus Am., Inc*, 315 F. Supp. 3d 1329, 1338 (N.D. Ga. 2018)

(quoting *J. McIntyre Mach., Ltd.* 564 U.S. at 881). And Plaintiff cannot

legitimately latch onto the single Sacatelle sale of accused products in Georgia

because (1) that was a sham transaction which is insufficient to confer jurisdiction

and (2) DRE Health authorized Sacatelle to sell those products only to the New

Jersey State Troopers. (Bawany Decl. ¶ 29) DRE Health has not expressly aimed

any activities at Georgia and specific jurisdiction over DRE Health does not exist.

### b. Mr. Bawany Is Not Subject To Specific Jurisdiction

Plaintiff similarly has made no showing that the exercise of personal

jurisdiction over Mr. Bawany is appropriate. Nor can it. Mr. Bawany is not a

resident of Georgia, does not maintain a telephone number or mailing address in

Georgia, has never been to Georgia for the purpose of conducting business, is not

employed in Georgia, does not derive any income from activity in Georgia, and

does not pay taxes in Georgia. (Bawany Decl. ¶¶ 31, 32, 34, 35, and 36.) Indeed,

other than occasionally traveling through Hartsfield–Jackson Atlanta International Airport en route to his final destination, Mr. Bawany has been in Georgia only one time in his life, and that was for a social visit in early 2017.  (*Id*. ¶ 33.)

Instead, Plaintiff alleges that Mr. Bawany is the Chief Executive Officer of DRE Health.  (ECF No. 1 ¶ 21)  That is true, but irrelevant.  Mr. Bawany's employment with the out-of-state Defendant DRE Health does not confer jurisdiction over him as an individual.  *See Foxworthy v. Custom Tees, Inc.*, 879 F.Supp. 1200, 1206 (N.D. Ga. 1995)  ("[I]f the claim against the corporate agent rests on nothing more than that he is an officer or employee of the nonresident corporation and if any connection he had with the commission of the tort occurred without the forum state, then jurisdiction does not attach and the 'shield' was not needed in the first place") (internal citations omitted); *see also Girard v. Weiss*, 160 Ga. App. 295, 287 S.E.2d 301 (1981) *overruled on other grounds by Amerireach.com*, 290 Ga. 261 (finding no personal jurisdiction over corporate officer when the corporation transacted business within forum state, but officer had no contacts with forum state).  Moreover, and as discussed above, DRE Health itself does not have any contacts with Georgia because it does not manufacture, sell, market, advertise, or promote any product in Georgia, let alone the product accused in this case.  (Bawany Decl. ¶¶ 15 and 17.)  Mr. Bawany's employment

thus has no bearing on whether this Court can assert jurisdiction over Mr. Bawany as an individual.

Moreover, even *if* Plaintiff were correct that Mr. Bawany "is directing the companies' infringing activities," that would still be irrelevant as to the Court's ability to exercise jurisdiction over Mr. Bawany. While a Lanham Act claim can be brought against a corporate officer under appropriate circumstances, that corporate officer is not subject to jurisdiction merely because he allegedly "directed" sales activities. S*ee U.S. Pharm. Corp.*, 2010 WL 3731112, at *4 ("Were it enough . . . to allege that [individual Defendant] 'directed' [the corporate Defendant's] sales activities, personal jurisdiction over corporate officers would be coextensive with that of their corporate employers wherever those officers 'directed' corporate business. This is contrary to [Georgia Supreme Court law].")). In *U.S. Pharm. Corp.*, the court dismissed claims against an individual defendant because the complaint in that case, as the Complaint here, merely alleged that the individual defendant "directed" activities that reached Georgia, but did not allege the required "substantial evidence that [the individual Defendant] himself engaged in conduct related to Georgia." *Id*. at *4; *see also AT&T Mobility LLC*, 2007 WL 2001736, at *3 (holding corporate officer defendant not subject to personal jurisdiction when plaintiff did not present "substantial evidence" that defendant

had connections with forum state).  In sum, there is no basis to properly exercise jurisdiction over Mr. Bawany in his personal capacity.

### c.  Sacatelle Is Not Subject To Specific Jurisdiction

Specific jurisdiction also is lacking over Sacatelle.  Sacatelle is not registered to do business in Georgia, does not have a registered agent for service of process in Georgia, does not have any employees in Georgia, and does not maintain an office or other place of business in Georgia.  (Schwerd Decl. ¶¶ 4–6.) As reflected in Plaintiff's *redacted* Exhibits B and E and to the Complaint, Sacatelle made a single sale of accused gloves into Georgia.  But as shown in the *unredacted* version of this invoice, however, this lone sale was made to Tom Brooks; the Chief Executive Officer, Chief Financial Officer, and registered agent of Plaintiff.  (*Id*. ¶ 17; Barrett Decl. ¶ 4.)

As a matter of established law, a trademark owner cannot artificially "manufacture" a sale in order to create personal jurisdiction.  That is, a trademark owner cannot place an order with defendant and then rely on that sale as the basis for filing suit in the trademark owner's home forum.  *Simpson Performance Products, Inc. v. Wagoner*, Case No. 5:15-CV-26, 2015 WL 13619480, at *2 (W.D.N.C. 2015) ("A plaintiff may not manufacture jurisdiction by purposefully engaging in purchases."); *ISI Brands, Inc. v. KCC Intern., Inc.*, 458 F. Supp. 2d 81, 83 U.S.P.Q.2d 1942 (E.D.N.Y. 2006) (granting dismissal for lack of personal

jurisdiction when Florida defendant's only contact with the state of New York was as a result of the two orders placed by plaintiff); *see Clarus Transphase Scientific, Inc. v. Q-Ray, Inc.*, No. C 06-3450 JF (RS), 2006 WL 2374738, at *3 n. 4 (N.D. Cal. Aug. 16, 2006) ("A plaintiff cannot manufacture personal jurisdiction in a trademark case by purchasing the accused product in the forum state"); *Jell-E-Bath Inc. v. Crystal Mud Spa*, No. 05-1703-KI, 2006 WL 1305113, at *3 (D. Or. May 8, 2006) ("Plaintiff cannot manufacture personal jurisdiction"); *Edberg v. Neogen Corp.*, 17 F.Supp. 2d 104, 112 (D. Conn. 1998) (holding that sale initiated by plaintiff did not support jurisdiction because "under such circumstances a defendant cannot be said to have purposefully availed itself of the forum"); *Elbex Video Kabushiki Kaisha v. Taiwan Regular Elec. Co.*, 93 Civ. 6160 (KMW), 1995 WL 224774, at *2–3 (S.D.N.Y. Apr. 14, 1995) (holding that exercise of jurisdiction based on single sale arranged by plaintiff "would offend traditional notions of 'fair play and substantial justice.'")

Perhaps to obscure the true nature of the purchase even further, Mr. Brooks placed his order under the auspices of a company named Cleaning Technologies. But whatever Mr. Brooks' motivation for doing so, Plaintiff cannot evade dismissal on these grounds. S*ee Trek Bicycle Corp. v. Trek Winery LLC*, 93 U.S.P.Q. 2d 2001, 2010 WL 744252 (W.D. Wis. 2010) (finding a sale to spouse of plaintiff's employee does not count because it occurred only because plaintiff

sought out defendant.). Moreover, jurisdiction "depends on an 'affiliation between the forum and the underlying controversy.'" *Goodyear*, 564 U.S. at 919. Because "the defendant's conduct that must form the necessary connection with the forum State," the plaintiff "cannot be the only link between the defendant and the forum." *Walden,* 571 U.S. at 285.

For these reasons, exercising personal jurisdiction over any Defendant under the circumstances of this case would plainly offend traditional notions of fair play and substantial justice, Plaintiff's Complaint should be dismissed in its entirety for lack of personal jurisdiction.

## B. Plaintiff Also Failed To Join Indispensable Parties

Dismissal also is warranted under a separate and distinct jurisdictional basis; Plaintiff failed to join the other two co-owners of the asserted trademark registration. Classifying trademark owners as necessary and indispensable parties is important for several reasons. First, it protects the absent trademark owners from the estoppel effect of a judgment in which they did not participate. Second, it protects Defendant's interest in avoiding multiple suits (even if it settles with one of the co-owners) concerning the same basic facts. Finally, it protects the Court's and the public's interest in efficiently utilizing judicial resources.

Delta Hospital and Delta Supply, as co-owners of the NITREX trademark, are necessary and indispensable parties in this case. There is no evidence in the

USPTO's records that either Delta Hospital or Delta Supply assigned their ownership interests to Plaintiff, and Plaintiff has refused to provide such evidence despite repeated requests by Defendants.[2]  (Barrett Decl. ¶ 6.)

### 1. The Absent Co-Owners Of The NITREX Trademark Registration Are Necessary Parties To This Action

"[A]n action for infringement must join as plaintiffs all co-owners." *Ethicon, Inc. v. United States Surgical Corp.*, 135 F.3d 1456, 1467 (Fed. Cir. 1998); *see also EMD Crop Bioscience Inc. v. Becker Underwood, Inc.*, 750 F. Supp. 2d 1004, 1014 (W.D. Wis. 2010) ("If the non-party co-owner has not transferred all substantial rights, it is a necessary party to the infringement case.") (internal quotes omitted).

This principle applies to all intellectual property infringement actions, including trademark infringement actions.  *See, e.g.*, *May Apparel Group, Inc. v. Ava Import-Export, Inc.*, 902 F. Supp. 93, 96 (M.D.N.C. 1995); *see also Earl v. Peverett*, 20 U.S.P.Q.2d 1559, 1560 (S.D.N.Y. 1991); *Shima Am. Corp. v. S.M. Arnold, Inc.*, No. 88 C 10064, 1989 WL 65014, at *2 (N.D. Ill. Jun. 7, 1989); *JTG of Nashville, Inc. v. Rhythm Band, Inc.*, 693 F. Supp. 623, 626–27 (M.D. Tenn. 1988); *Discount Muffler Shop, Inc. v. Meineke Realty Corp., Inc.*, 535 F. Supp.

---

[2] In a good faith attempt to resolve this issue without resorting to motion practice, Defendants asked, on at least four separate occasions, whether Plaintiff would provide documentary evidence substantiating Plaintiff's claim that it had full and exclusive authority to enforce the trademark on behalf of each co-owner.  Plaintiff failed to provide such documentary evidence.  (Barrett Decl. ¶ 6.)

439, 449 (N.D. Ohio 1982); *Pure Food Prod., Inc. v. Am. Bakeries Co.*, No. 72 C 2017, 1972 WL 19316, at *1 (N.D. Ill. Nov. 28, 1972).

Indeed, it would be extraordinary to find that Delta Hospital and Delta Supply are not necessary parties. *Golden Temple of Oregon, LLC v. Wai Lana Productions, LLC*, No. 09-cv-902(HZ), 2011 WL 6070385, at *2 (D. Or. Dec. 5, 2011) ("Parties do not cite, and I have yet to find, a case in which the trademark owner was not necessary in an action for infringement"). As co-owners of the NITREX trademark, Delta Hospital and Delta Supply have strong interests in the outcome of this litigation and are necessary parties. And, as explained above, the Defendants, the Court, and the public also have strong interests in litigating this dispute only one time.

## 2. The Co-Owners May Not Be Forcibly Joined As Parties

"Rule 19 does not permit the involuntary joinder of a patent co-owner in an infringement suit brought by another co-owner." *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*, 517 F.3d 1284, 1289 n.2 (Fed. Cir. 2008). When considering the issue of co-ownership in patent cases, courts in this District have followed Federal Circuit rulings that "because [the two absent co-owners] retained substantial rights in the [patent], [the plaintiff] did not have standing to sue solely in its own name for infringement." *Merial Ltd. v. Intervet Inc.*, 430 F.Supp.2d 1357, 1364 (N.D. Ga. 2006) (citing *Ethicon, Inc.*, 135 F.3d at 1468).

This principle applies in equal measure to trademark actions.  *See Shima Am. Corp.*, 1989 WL 65014, at *4 n.1 ("Rule 19 principles developed in the context of patent actions are wholly applicable to trademark actions."); *Pure Food Prod., Inc.*, 1972 WL 19316, at *1 ("There is little authority on the question of who must be joined in trademark infringement actions, but the few decided cases indicate that the same general rules developed in patent and copyright litigation should be applied here.").  In this case, there is no evidence -- or even an allegation -- that the absent co-owners Delta Hospital and Delta Supply did not retain their substantial rights in the trademark asserted here.  Consequently, the Court should not mandate the involuntary joinder of Delta Hospital and Delta Supply pursuant to Rule 19.

### 3.  This Action Cannot Proceed In The Absence Of The Co-Owners, And The Co-Owners Are Therefore Indispensable Parties

Faced with necessary parties that cannot be joined, the Court must decide whether Delta Hospital and Delta Supply are indispensable, such that "in equity and good conscience" the action should be dismissed.  Fed. R. Civ. P. 19(b). "Courts that have faced the issue have treated trademark owners as indispensable for Rule 19 purposes in infringement actions."  *Earl*, 20 U.S.P.Q.2d at 1560 (citing *JTG of Nashville, Inc.*, 693 F.Supp. at 626–28); *see also Ferrer v. Hollywood for Children*, Case No. 2:17-CV-7318-CBM-FFMm, 2018 WL 5267084 (C.D. Cal. Mar. 14, 2018) (finding trademark co-owner an indispensable party and granting motion to dismiss); *Jaguar Cars Ltd. v. Manufactures Des Montres Jaguar*, 196

F.R.D. 306, 308 (E.D.Mich. 2000) (granting motion to dismiss claims based upon a mark whose owner was not a party).

Any judgment affecting the validity or infringement of the NITREX trademark would prejudice the rights of the absent co-owners. The Complaint invites such prejudice by seeking to hold Defendants liable for "infringement of a federally registered trademark" and the other claims related thereto. In defending against such claims Defendants will assert, *inter alia*, that the trademark registration is invalid and subject to cancellation. Because such a ruling would affect the entire registration, not just Plaintiff's interest, it would be nearly impossible to lessen or avoid any prejudice to Delta Hospital and Delta Supply that would result from the NITREX trademark registration being cancelled. Similarly, Delta Hospital and Delta Supply have a right to prosecute the infringement claims. It thus also would be unfairly prejudicial for the infringement case to proceed without the participation of these co-owners.

Further, Defendants are exposed to risk of multiple obligations in the absence of Delta Hospital and Delta Supply. For example, if the jury found Defendants do not infringe the NITREX trademark, that finding would be binding only on Plaintiff. *See Int'l Importers, Inc. v. Int'l Spirits & Wines, LLC*, No. 10-61856-CIV, 2011 WL 7807548, at *8 (S.D. Fla. Jul. 26, 2011) ("The defendants may be at risk of multiple obligations. The jury could find that the defendants did

not infringe the [] trademark. That judgment would only be binding on the plaintiff. It would not bar [co-owner's] successors from suing the defendants for infringement of the instant mark."). Delta Hospital or Delta Supply could then initiate another, substantively identical suit against Defendants. That would be blatantly unfair, as well as promote judicial inefficiency.

Finally, because Plaintiff's claims under the Lanham Act and its claims under state law are premised on the same assertions and are to be resolved according to the same principles, these claims should likewise be dismissed based on Plaintiff's failure to name Delta Hospital and Delta Supply as co-plaintiffs. *See Valencia v. Universal City Studios LLC*, No. 1:14-CV-00528-RWS, 2014 WL 7240526, at *5 (N.D. Ga. 2014) (finding that plaintiff's state law claim under O.C.G.A. § 10–1–451(b) rise and fall with plaintiff's federal trademark claims); *Energy Four, Inc. v. Dornier Med. Sys., Inc.*, 765 F.Supp. 724, 731 (N.D. Ga. 1991) (finding that the Georgia Uniform Deceptive Trade Practices Act involves the same dispositive questions as the federal Lanham Act, and the court's analysis under the Lanham Act will dispose of the state law issues). Indeed, the congruence of the claims assures that the same prejudice resulting from proceeding without Delta Hospital and Delta Supply under the Lanham Act would be mirrored in the state and common law claims.

Because the outcome of this dispute may affect the trademark rights of the co-owners and because Defendants may face multiple lawsuits, Defendants respectfully urge the Court to conclude that Delta Hospital and Delta Supply, as co-owners of the asserted NITREX trademark, are indispensable parties, and that this action cannot proceed in equity and good conscience in their absence.

### C. Plaintiff Has Failed To State A Claim Against Mr. Bawany In His Personal Capacity

Mr. Bawany's title of Chief Executive Officer cannot by itself, give rise to his individual liability. Plaintiff's sole and conclusory allegation, upon information and belief, that "Defendant Bawany is the chief executive officer of both DRE Health and DHC and is directing the companies' infringing activities as set forth in this Complaint" (ECF No. 1 ¶ 21) is insufficient to state a claim. *See, e.g., Steven Madden, Ltd. v. Jasmin Larian, LLC*, Case No. 18 Civ. 2043, 2019 WL 294767, at *5 (S.D.N.Y. 2019)(dismissing trademark claims against corporate officer because the "the assertions contain no factual allegations as to [officer's] specific role in the purported infringement [], but merely state conclusory allegations that conflate the Company's actions with [officer's] own.); *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (dismissing trademark infringement claims against individual defendants when complaint identified defendants' job titles and alleged defendants' involvement in company's infringement but provided no details or description of concrete acts to demonstrate

personal liability). A complaint providing mere "labels and conclusions," "formulaic recitation[s] of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" will not suffice. *Simpson v. Sanderson Farms, Inc.*, 744 F.3d 702, 708 (11th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

Plaintiff has alleged no facts demonstrating Mr. Bawany's involvement. This is fatal to Plaintiff's cause of action against Mr. Bawany, and the Complaint should be dismissed against Mr. Bawany for this reason as well.

## IV. CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court grant their Motion to Dismiss the Complaint in its entirety.

Dated: June 14, 2021

Respectfully submitted,
*/s/ Ryan K. Walsh*

Ryan K. Walsh
Ga. Bar No. 735190
Jones Day
1221 Peachtree Street, N.E., Suite 400
Atlanta, GA 30361
Telephone: 404.581.8487
Facsimile: 404.581.8330

David L. Witcoff (*pro hac vice*)
JONES DAY
77 West Wacker Drive
Chicago, IL 60601
Telephone: 312.269.4259
Facsimile: 312.782.8585

Kerry A. Barrett (*pro hac vice*)
JONES DAY
901 Lakeside Avenue
Cleveland, OH 44114
Telephone:  216.586.7005
Facsimile:  216.579.0212

*Attorneys for Defendants*

# **CERTIFICATE OF COMPLIANCE**

In accordance with Local Rule 7.1D, the undersigned hereby certifies that the foregoing document has been prepared in accordance with the font type and margin requirements of Local Rule 5.1 of the Northern District of Georgia, using a font type of Times New Roman and a point size of 14.

By: */s/ Ryan K. Walsh*
      Ryan K. Walsh

*Attorney for Defendants DRE Health Corp., DRE Health Corporation, Ahmed Isaac Bawany, and Sacatelle Holdings, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on June 14, 2021, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day upon all attorneys of record via transmission of Notices of Electronic Filing generated by CM/ECF.

Dated: June 14, 2021     Respectfully submitted,

            */s/ Ryan K. Walsh*
            Ryan K. Walsh
            Ga. Bar No. 735190